PONDER, Judge.
Plaintiff appeals from the dismissal of his suit for benefits under the teachers’ retirement system on a peremptory exception of no cause of action.
The issue is whether a former member of the teachers’ retirement system who has received at his request a refund of the accumulated contributions may thereafter sue the system for benefits. We affirm.
Plaintiff, a teacher, sustained a permanent hearing loss and back disability. His application to the defendant for disability retirement was denied. He resigned from the school system and withdrew his contributions to the retirement system. Thereafter he filed suit for disability benefits.
We believe the case to be controlled by the portion of La.R.S. 17:640, that reads as follows:
“. . . The payment of any such refund to a member of the retirement system who has withdrawn from service . shall discharge all obligations of the retirement system on account of any creditable service rendered by the member prior to payment of the refund, and acceptance of such refund by a member who has withdrawn from service . shall constitute a release of all accrued rights of every kind and nature against the retirement system.”
By this statute, we believe, the legislature has effectively removed the possibility of the court granting the plaintiff any relief. Perhaps, the more technically correct exception would be that of res judicata, the statute being in the nature of a complete release; but it might be said that the legislature provided that thereafter- there would be no cause of action.
Appellant, in effect, contends that the statute does not apply to his plea to be allowed to redeposit his contributions and thus to become a member of the retirement system. He further contends that the approval of reentry of those physically able to resume teaching and the refusal of reentry to those not physically able to resume teaching amounts to unconstitutional and inequitable discrimination against him because of his physical disability.
We seriously doubt that plaintiff’s becoming a member again would have the effect of reviving his claim for disability benefits accrued at the time he withdrew from the system. Under La.R.S. 17:640, the operative fact is not that of being a nonmember but that of the withdrawal of the contributions after resigning from the school system.
The statutes are quite clear that one who is not a member cannot become a member and so be authorized to redeposit the contributions unless he meets the requirements of Section 591. Plaintiff alleges that his disability prevents his meeting those requirements.
We find nothing constitutionally invalid in requiring that a member of the Teachers’ Retirement System be a teacher as defined by the statutes.
For these reasons the judgment is affirmed.
AFFIRMED.